IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| United States of America | ) | |
| | ) | |
| | ) | |
| | ) | No. 16 C 6190 |
| v. | ) | |
| | ) | Judge Virginia M. Kendall |
| Scott Lewis | ) | |
| | ) | |
| | ) | |
| | ) | |

**MEMORANDUM OPINION AND ORDER**

Petitioner Scott Lewis moves to vacate, set aside, or correct a sentence pursuant to 28 U.S.C. § 2255 based on *Johnson v. United States*, 135 S. Ct. 2551 (2015) which declared the residual clause of the "violent felony" definition in 18 U.S.C. § 924(e) unconstitutionally vague. Lewis was convicted at trial of conspiracy to possess with the intent to distribute at least five kilograms of cocaine in violation of 21 U.S.C. § 846 and 18 U.S.C. § 2 (Count One), and of possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A) (Count Three). At trial, the jury was instructed that they must find as follows regarding the conspiracy charge in order to convict:

> First, that the conspiracy as charged in Count One existed, and
>
> Second, that the defendant you are considering knowingly became a member of the conspiracy with the intention to further the conspiracy.

The Court also instructed the jury regarding the charge in Count Three as follows:

> First, that the defendant you are considering committed one of the following crimes:
> - conspiracy to possess a controlled substance with intent to distribute as charged in Count One;
> or
> - attempted possession with the intent to distribute a controlled substance as charged in Count Two.

1

Second, that the defendant you are considering knowingly possessed a firearm in furtherance of, or knowingly carried a firearm during and in relation to, that crime.

The jury convicted Lewis of Counts One and Three. In spite of a sentencing guideline range recommending a sentence between 262 and 327 months based on the amount of cocaine that Lewis attempted to possess (15 kilograms held in the stash house), this Court varied significantly downward and sentenced him to 162 months on Count One followed by the mandatory 60 month sentence on Count Three. Lewis then appealed his conviction and the sentence was affirmed by the Seventh Circuit Court of Appeals on April 6, 2011. *United States v. Lewis*, 641 F.3d 773 (7th Cir. 2011).

In June 2016, Lewis filed this motion alleging that *Johnson* requires that his sentence must be vacated – primarily arguing that the conspiracy charged in Count One was a conspiracy to rob a stash house and not a conspiracy to possess with the intent to distribute drugs. He alleges that both conspiracy and a Hobbs Act robbery are not predicates for a violation of 18 U.S.C. § 924(c) in light of *Johnson*.

First, Lewis's attempts to recraft his conspiracy conviction as one based on a conspiracy to commit a robbery as opposed to a drug offense must fail based on the clear record of the indictment, the jury instructions, the jury verdict form, and the judgment and conviction order – all of which show that Lewis was convicted of a conspiracy to possess with the intent to distribute in excess of 5 kilograms of cocaine. Lewis's manipulation of the record is based on one line in this Court's denial of his motion for a new trial which referenced his conspiracy as one to rob a stash house when discussing the unrelated issue of whether Lewis had taken steps to participate in the conspiracy. Lewis is merely incorrect. He was not convicted of using or carrying a firearm in relation to a Hobbs Act robbery or a violent felony. The indictment, the jury instructions, and the judgment and commitment order all show that he was convicted of

using or carrying a firearm in relation to the crime of possession with the intent to distribute drugs. That shortened definition of his conspiracy in dicta in his post trial ruling does not change the fact that the conviction was based on a proper jury instruction regarding a drug conspiracy. The truncated reference to the conspiracy to rob the stash house in that post trial order (while discussing an entirely unrelated issue) does not negate the purpose of the conspiracy which was to possess drugs with the intent to distribute them. The jury was correctly instructed on conspiracy, that the conspiracy was one to possess with the intent to distribute drugs, and that the jury convicted Lewis of that conspiracy to possess with the intent to distribute in excess of 5 kilograms of cocaine – a felony under 21 U.S.C. § 841(b)(1)(A)(ii).

*Johnson* did not change the definition of a "serious drug offense." *See Johnson*, 135 S.Ct. at 2563 ("Today's decision does not call into question application of the [ACCA] to the four enumerated offenses, or the remainder of the Act's definition of violent felony."). For purposes of 18 U.S.C. § 924(c)(1)(A), a "drug trafficking crime" is defined as "any felony punishable under the Controlled Substances Act (21 U.S.C. 801 et. seq), the Controlled Substances Import and Export Act (21 U.S.C 951 et seq.), or chapter 705 of title 46." 18 U.S.C. § 924(c)(2). Lewis was convicted of conspiring to commit a drug trafficking crime, namely to possess a controlled substance with the intent to distribute it. Therefore, *Johnson* does not apply to his conviction.

Lewis's next effort to throw out his conviction rests on his argument that conspiracy is not necessarily a felony and since Section 924(c) only criminalizes felony drug offenses, Section 846 cannot support a Section 924(c) conviction. Regardless of his theory, the facts presented to the jury, the instructions given to the jury, and the verdict form clearly show that Lewis was convicted of a felony drug conspiracy – one that was an attempt to distribute in excess of five

kilograms of cocaine. No other facts of a misdemeanor amount of cocaine were provided to the jury. A conspiracy to possess with intent to distribute in excess of five kilograms of cocaine is a felony drug trafficking crime which was not impacted by the *Johnson* decision.

Lewis's petition to vacate his sentence is denied.

_____
Virginia M. Kendall
United States District Court Judge
Northern District of Illinois

Date: 10/19/2016